(25 Civ. Proc. R. 251.)

NIAGARA FALLS PAPER CO. v. STERLING et al.

(City Court of New York, Special Term. November 11, 1895.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—RIGHTS OF ASSIGNEES.
    An assignee for benefit of creditors may move to vacate an attachment levied on the property assigned.
2. ATTACHMENT—AFFIDAVIT—JURISDICTION OF CITY COURT.
    Under Code Civ. Proc. § 3169, subd. 3, giving the city court of New York jurisdiction to issue an attachment, where it is shown by affidavit that defendant is a nonresident of the city, and has not an office within the city where he regularly transacts business, an affidavit which merely alleges that defendant is a nonresident of the city of New York, without any allegation as to an office in the city, is insufficient.

Action by the Niagara Falls Paper Company against Charles H. Sterling and Ellen Colgan. Defendant's assignee for the benefit of creditors moves to vacate the attachment obtained by plaintiff. Granted.

Harold, Sturges & Rankine, for plaintiff.
Judge & Durack, for defendants.

BOTTY, J. The defendants having made an assignment of their property for the benefit of creditors to Joseph J. McDonald, which assignment was accepted by him, the title to the property vested in him as trustee of such creditors. This assignment holds good against the plaintiff as well as other creditors until the same is adjudged fraudulent and void upon a trial had in an action brought to set aside the assignment. The plaintiff, however, since the making of the assignment, obtained an attachment against the defendants on two grounds, viz.: First, that the defendants are nonresidents of the city of New York; second, that the defendants assigned, disposed of, or secreted, or were about to assign, dispose of, or secrete, property with the intent to defraud their creditors. The proof relid on by plaintiff showing the assignment to be fraudulent consists of admissions made by the assignors subsequent to the making

of the assignment to the effect that the alleged claim of one Plant, who was named as a preferred creditor, was fictitious. The defendants' assignee now moves to vacate the attachment upon the ground that the same is void for the reason that there is no evidence of fraud to support the attachment, and upon the further ground that the court had not jurisdiction to grant the attachment by reason of the mere nonresidence of the defendants. The plaintiff, on the other hand, contends that the attachment is supported by evidence of fraud, and that the court had jurisdiction to grant same; but he urges as preliminary objections that the assignee is a mere stranger to this proceeding, and that he has no right to intervene; that he has been guilty of laches in making this motion; and that the moving papers are defective, in that the order to show cause does not specify the grounds of the irregularity complained of. I am of the opinion that the assignee is the proper party to make this motion, and that there has been no unnecessary delay in the making of the same, and that the objection to the sufficiency of the order to show cause is not tenable, as at least one of the objections to the attachment is radical and goes to the jurisdiction of the court. It therefore remains to be determined whether, on the facts presented in support of the attachment, the court acquired jurisdiction, and whether the alleged fraudulent assignment of defendants' property is established by competent evidence. In order to confer jurisdiction, it must affirmatively appear not only that the defendants are nonresidents of the city of New York, but that they have not an office within that city where they regularly transact business. See Code Civ. Proc. § 3169, subd. 3. The plaintiff simply alleged that the defendants were nonresidents of the city of New York, and that is one of the grounds mentioned in the attachment. This is not a sufficient compliance with the jurisdictional requirements, and therefore invalidates the attachment. The proof relied on by plaintiff to establish the fraudulent assignment of defendants' property, viz. the admissions made by the defendants since the making of the assignments that the alleged claim of one plaintiff, a preferred creditor, is fictitious, is not competent evidence, and therefore insufficient to support the attachment. It therefore follows that the attachment must be vacated.

Motion granted, with $10 costs.